UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMIE I. CROWLEY,

                               Plaintiff,                      3:24-cv-00833 (BKS/ML)

v.

TOMMY TRAN,

                               Defendant.
_____

**Appearances:**

*For Plaintiff*:
Edward E. Kopko
Law Office of Edward E. Kopko
202 East State Street, Suite 403
Ithaca, New York 14850

*For Defendant*:
Joshua T. Terrell
Broome County Attorney's Office
Broome County Office Building
60 Hawley Street
P.O. Box 1766
Binghamton, New York 13902

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Jamie I. Crowley commenced this action on July 2, 2024 against Defendant Tommy Tran, asserting claims under 42 U.S.C. § 1983 and the New York State Constitution for excessive force, unreasonable search and seizure, malicious prosecution, and false arrest and imprisonment. (Dkt. No. 1). Defendant failed to file an answer after having been served with the

complaint, and accordingly, the clerk entered default as to Defendant on September 26, 2024. (Dkt. No. 9). Presently before the Court is Defendant's motion to vacate the clerk's entry of default. (Dkt. Nos. 14, 19). Plaintiff has responded. (Dkt. No. 21). For the following reasons, the Court grants Defendant's motion to vacate the default.

## II.    BACKGROUND[1]

On July 2, 2021, Plaintiff Crowley was in his home in Broome County. (Dkt. No. 1, ¶ 10). Crowley alleges that a known woman trespassed onto his property, and that after "repeated problems" with the relatives of the woman, Crowley feared her presence and trespass. (*Id.* ¶¶ 12–14). In response, Crowley fired one gunshot in the air as a warning to vacate the premises. (*Id.* ¶ 15). The woman subsequently called 911 to report the incident. (*Id.* ¶ 17). The woman met with Defendant Tran, a police officer with the Broome County Sherriff's Department, to record a statement. (*Id.* ¶¶ 5–7, 20).

Defendant Tran and another police deputy went to Crowley's home (*Id.* ¶ 22). Crowley alleges that the officers "quietly sneaked onto his land on foot," after "hiding their patrol cars down the street." (*Id.* ¶¶ 23–24). A motion-sensor spotlight turned on and the officers then identified themselves as "police" and "sheriff's office." (*Id.* ¶¶ 25–27). At that time, Crowley and his family members were seated on their enclosed porch directly next to a speaker playing loud music such that they did not hear the officers announce themselves. (*Id.* ¶ 28). Approximately eight seconds after the officers identified themselves, "they stood behind a parked truck on the property, approximately 15 yards from the enclosed porch, and Tran opened fire on Crowley," firing eight gunshots in a span of fifteen seconds. (*Id.* ¶¶ 30–31). Crowley was holding a firearm in his hand, which was pointing down and discharged "involuntarily" after he

---

[1] The facts are drawn from the complaint and attached exhibits. (Dkt. No. 1).

2

was shot. (*Id.* ¶¶ 33–35). Crowley, wounded from the gunshots, received medical aid from the officers and was handcuffed. (*Id.* ¶¶ 37, 40).

Crowley was convicted for Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Weapon in the Third Degree, Criminal Possession of a Firearm, and Menacing in the Second Degree. (*Id.* ¶ 45). Crowley is currently in custody at a New York State Correctional Facility. (*Id.* ¶ 46). His convictions are currently pending appeal. (*Id.* ¶ 51).

### A.     Procedural Background

Plaintiff initiated this lawsuit on July 2, 2024. (Dkt. No. 1). Plaintiff filed a certificate of service, stating that Defendant was served with the summons and complaint on August 21, 2024. (Dkt. No. 7). Defendant failed to respond to the complaint. On September 26, 2024, Plaintiff requested entry of default against Defendant, and on that same day, the Clerk entered default as to Defendant. (Dkt. Nos. 8–9). On October 22, 2024, Plaintiff filed a motion for default judgment. (Dkt. No. 12). While that motion was pending, counsel for Defendant appeared and filed a letter motion on November 18, 2024 requesting that the Court set aside entry of the default and extend the time to file an answer. (Dkt. Nos. 13–14). Plaintiff submitted a letter the same day opposing the motion. (Dkt. No. 15). On November 20, 2024, the Court ordered Defendant to file a letter brief addressing the factors courts must consider in deciding whether to relieve a party from default. (Dkt. No. 16). Prior to filing that brief, Defendant filed an answer on November 21, 2024, without leave from the Court. (Dkt. No. 17). That same day, Plaintiff objected to the filing. (Dkt. No. 18). On December 4, 2024, Defendant submitted the letter brief in compliance with the Court's order. (Dkt. No. 19). Plaintiff responded in opposition of vacating the default. (Dkt. No. 21).

### III. DEFENDANT'S MOTION

#### A. Standard of Review

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Here, there has been an entry of default, but default judgment has not been rendered. Therefore, the "good cause" standard of Rule 55(c), rather than the "excusable neglect" standard of Rule 60(b), *see New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005), applies.

"Because Rule 55(c) does not define the term 'good cause,'" the Second Circuit has "established three criteria that must be assessed in order to decide whether to relieve a party from default." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). These factors are "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.* "Other relevant equitable factors may also be considered," such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id.*

The burden of showing good cause is shouldered by the party moving to set aside the default. *See Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986). But the Second Circuit expresses a strong "preference for resolving disputes on the merits," *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995), and "[d]efault judgments 'are generally disfavored and are reserved for rare occasions,'" *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (quoting *Enron Oil Corp.*, 10 F.3d at 96). Accordingly, "good cause" under Rule 55(c) "should be construed generously." *Enron Oil Corp.*, 10 F.3d at 96. "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.* Ultimately, "dispositions of

motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Id.* at 95.

  B. **Discussion**

    1. **Willfulness**

  Defendant argues that his default was "not in any way willful." (Dkt. No. 19, ¶ 1). Willfulness in the context of a default is "'conduct that is more than merely negligent or careless,' but is instead 'egregious and . . . not satisfactorily explained.'" *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (quoting *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)). "[A] finding of bad faith is [not] a necessary predicate to concluding that a defendant acted 'willfully,'"; rather, "'it is sufficient' to conclude 'that the defendant defaulted deliberately.'" *Id.* at 187 (quoting *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998)). "[T]he good cause standard attaches consequences only to bad faith or tactical violations of court orders." *United States v. Starling*, 76 F.4th 92, 102 (2d Cir. 2023).

  Here, defense counsel has provided the following explanation regarding Defendant Tran. Tran learned that he was being sued and timely inquired of the County Attorney's Office as to whether it would be representing him. (Dkt. No. 19, ¶ 1). The County Attorney's Office assured him that it would represent him and instructed him to send them the complaint once he was served. (*Id.*). Once he was served, Tran turned the documents over to his superior officer, believing the documents would be forwarded to the County Attorney's Office. (*Id.*). The documents were not forwarded. (*Id.*). Plaintiff argues, in a conclusory fashion, that these facts do

5

"not come close to the satisfactory explanation required" by the law. (Dkt. No. 21, at 2). The Court disagrees.

Based on Defendant's explanation, the default was not willful, deliberate, or egregious; nor does the record demonstrate that Defendant's counsel engaged in bad-faith or tactical violations of court orders. *See Car-Freshner Co. v. Air Freshners, Inc.*, No. 10-cv-1491, 2012 WL 3294948, at *4, 2012 U.S. Dist. LEXIS 112826, at *11 (N.D.N.Y. Aug. 10, 2012) ("[W]illfulness within this Circuit does not include careless or negligent errors even when the negligence is gross." (citing *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996))). Moreover, the relatively short period in which Defendant was in default counsels in favor of Defendant: Defendant moved to set aside the entry of default less than two months after the Clerk's entry of default. (Dkt. Nos. 9, 14); *see New Falls Corp. v. Soni Holdings, LLC*, No. 19-cv-449, 2020 WL 2770922, at *4, 2020 U.S. Dist. LEXIS 83499, at *12–13 (E.D.N.Y. May 8, 2020) (collecting cases), *report and recommendation adopted*, 2020 WL 2770015, 2020 U.S. Dist. LEXIS 93477 (E.D.N.Y. May 28, 2020); *cf. McNulty*, 137 F.3d at 738–39 ("[D]efaults have been found willful where, for example, an attorney . . . delayed more than 10 months before moving to vacate the ensuing default.").

### 2.     Prejudice

Defendant argues that Plaintiff would not be prejudiced by the vacatur of the entry of default. (Dkt. No. 19, ¶ 2). Plaintiff's response does not address the prejudice element, (Dkt. No. 21), and has therefore "neither claimed nor proved prejudice." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). Defendant argues that Plaintiff would suffer no prejudice because the "passage of time will in no way impair his ability to prosecute his claims," especially because Plaintiff filed this lawsuit "on or about the three-year anniversary of the complained of incident." (Dkt. No. 19, ¶ 2). To the extent that the passage of time would cause any hardship to Plaintiff,

"delay standing alone does not establish prejudice." *Enron Oil Corp.*, 10 F.3d at 98. On these grounds, the Court finds that granting vacatur of the default would not cause Plaintiff undue prejudice.

### 3. Meritorious Defense

Defendant argues that he has meritorious defenses against the claims, including self-defense or defense of another, qualified immunity, contributory negligence, and failure to state a claim. (Dkt. No. 19, ¶ 3.) Plaintiff's response does not address this element. (*See* Dkt. No. 21). "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Enron Oil Corp.*, 10 F.3d at 98. But the "test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id.* That is, to establish a meritorious defense, a defendant "need not establish his defense conclusively," *McNulty*, 137 F.3d at 740; rather, "[a] defense is meritorious if it is good at law so as to give the factfinder some determination to make," *Am. All. Ins. Co., Ltd.*, 92 F.3d at 61.

The Court finds that there is sufficient evidence of a meritorious defense as to at least Plaintiff's claim for excessive force.[2] "[T]he qualified immunity defense is generally available against excessive-force claims." *Finnegan v. Fountain*, 915 F.2d 817, 822–23 (2d Cir. 1990). "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *City of Escondido v. Emmons*, 586 U.S. 38, 42 (2019). "In measuring 'reasonableness,' [courts] consider the facts and circumstances of each particular case[.]" *Thomas v. Roach*, 165 F.3d 137, 143 (2d

---

[2] "[I]t appears to the Court that a party seeking to vacate a default need only establish a defense to at least one claim — not every claim pled in the complaint — at least where the claims would allow for independent awards of damages." *Wildflower + Co. v. Mood Apparel, Ltd.*, 338 F.R.D. 192, 198 (S.D.N.Y. 2021) (citing cases).

7

Cir. 1999). Here, Defendant argues that "Plaintiff fired a large handgun at a motorist" and "pointed a large handgun at the defendant and his partner." (Dkt. No. 19, at 1). Qualified immunity may constitute a defense. *See Rose v. City of Utica*, 777 F. App'x 575, 577 (2d. Cir. 2019) ("Existing case law supports defendants' position that an officer is entitled to use deadly force when an armed individual fails to comply with an order to put down a weapon and moves in what the officer reasonably perceives to be a threatening manner.").

On this record, the Court finds that Defendant has "present[ed] some evidence beyond conclusory denials to support his defense," *Enron Oil Corp.*, 10 F.3d at 98, that "give[s] the factfinder some determination to make," *Am. All. Ins. Co., Ltd.*, 92 F.3d at 61, and thereby "adequately stated a defense for purposes of a Rule 55(c) set aside of an entry of default." *Enron Oil Corp.*, 10 F.3d at 98.

In sum, because Defendant's default was not willful, because setting aside the default will not cause prejudice to the Plaintiff, and because Defendant has presented evidence of a meritorious defense, Defendant has demonstrated good cause for setting aside the entry of default. Accordingly, Defendant's motion is granted.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to set aside the entry of default, (Dkt. No. 14), is **GRANTED**; and it is further

**ORDERED** that the entry of default, (Dkt. No. 9), is set aside; and it is further

**ORDERED** that the Answer filed on November 21, 2024, (Dkt. No. 17), is accepted by the court.

**IT IS SO ORDERED.**

Dated: December 20, 2024

Brenda K. Sannes
Chief U.S. District Judge

8